Paula Joe Starrin v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-360-CR

PAULA JOE STARRIN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Following the trial court’s denial of her motion to suppress evidence, Appellant Paula Joe Starrin, pursuant to a plea bargain, pled no contest to the offense of driving while intoxicated (DWI), reserving her right to appeal the denial of the motion.  The trial court convicted her of DWI and sentenced her to one hundred and twenty days in jail, probated for two years, and a $750 fine.  
Appellant brings a single point on appeal, arguing that the trial court erred in denying her motion to suppress.  Because we hold that the trial court did not abuse its discretion in denying Appellant’s motion to suppress, we affirm the trial court’s judgment.

Appellant drove a 1998 Mercedes C280.  The car came equipped with three brake lights, also known as stoplamps—one on each side of the rear of the car and the third in the center of the car inside the rear window.  
One evening, a Haltom City police officer stopped Appellant because her left rear stoplamp was not working.  The other two stoplamps were working.

Appellant argues that because Texas law requires only two functioning stoplamps, not three, she was in compliance with Texas law.
(footnote: 2)  The State correctly points out that to be in compliance with Texas law, drivers must also comply with federal standards for motor vehicles.
(footnote: 3)  Federal standards require passenger cars less than eighty inches wide to have three stoplamps on the rear of the car—one on each side of the car’s vertical midline, at the same height, and as far apart as practicable, and one high-mounted on the midline.
(footnote: 4)
 As the State also points out, the record is silent concerning the width of Appellant’s car.  The State submits that a 2005 Mercedes C280 is approximately 68 inches.  We take judicial notice of the fact that a 1998 C280 is 67.7 inches wide.
(footnote: 5)  Consequently, the car should have had three functioning stoplamps.

Because there is no disagreement concerning the facts, the trial court ruled on a pure issue of law.  Only two stoplamps were functioning, and they were not on each side of the car’s midline at the same height.  Appellant therefore violated federal and Texas law by driving with the nonfunctioning left stoplamp.
(footnote: 6)

Applying the appropriate standard of review,
(footnote: 7) we consequently hold that the trial court did not abuse its discretion in denying Appellant’s motion to suppress.  We overrule her sole point and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

WALKER, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 8, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 Tex. Transp. Code Ann.
 § 547.323(a) (Vernon 1999).

3:
Id.
 § 547.3215.

4:
49 C.F.R. § 571.108, S5.1.1, Tables III, IV (2005).

5:
See 
Tom Hagin, 
New Car Review:  1998 Mercedes Benz C280 Sport
,  http://www.theautochannel.com/vehicles/new/reviews/1998/solo9819.html. 

6:
See
 
Tex. Transp. Code Ann.
 §§ 547.3215, 547.004(a)(2); 49 C.F.R. § 571.108, S5.1.1, Tables III, IV.

7:
See Guzman v. State
, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997).